IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>THOMAS J. FUDGE,<br><br>                    Defendant. | **8:25CR164**<br><br><br>**ORDER** |

On May 12, 2025, defendant Thomas J. Fudge ("Fudge") was arrested outside his home in Omaha, Nebraska.  Shortly before his arrest, Fudge was sitting in his Dodge Durango sport-utility vehicle (the "Durango"), which was parked on the street.  Upon searching the Durango, Fudge's arresting officers (the "officers") seized a handgun and 70 grams of marijuana.  About two months later, a federal grand jury charged Fudge with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8).

Now before the Court is Fudge's motion to suppress (Filing No. 18) "all evidence derived from a warrantless search of the defendant, his illegal detention, and subsequent warrantless search of" the Durango.  Fudge argues (1) his encounter with the officers was not consensual, (2) the officers did not have reasonable suspicion for a stop or frisk under *Terry v. Ohio*, 392 U.S. 1, 24-25 (1968), (3) he was unlawfully arrested without probable cause, and (4) he and his vehicle were illegally searched.

The Court referred Fudge's motion to a magistrate judge[1] for initial review.  *See* 28 U.S.C. § 636(b)(1)(B) (authorizing such referrals); Fed. R. Crim. P. 59(b)(1).  In accordance with § 636(b)(1)(B), the magistrate judge conducted an evidentiary hearing and issued a Findings and Recommendation (Filing No. 43) recommending the Court deny

_____

[1]The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

Fudge's motion. Walking through each step of the fateful encounter, the magistrate judge concluded the arresting officers did not violate Fudge's rights "to be secure . . . against unreasonable searches and seizures" under the Fourth Amendment to the United States Constitution. U.S. Const. Amend IV.

Fudge timely objected to the Findings and Recommendation (Filing No. 46). *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(2); NECrimR 59.2. He takes no issue with the magistrate judge's recitation of the facts but disagrees with most of his legal conclusions and concomitant recommendation (Filing No. 47).

In response, the government maintains Fudge's constitutional rights were not "violated during his law enforcement encounter and subsequent vehicle search" (Filing No. 49). According to the government, "[t]he evidence adduced at the hearing clearly demonstrated that law enforcement, given the totality of the circumstances, had probable cause to believe that contraband or evidence of a crime would be found on the defendant and in his vehicle." It further contends the seizure of the Durango's "key fob was separately justifiable as a search incident to arrest."

Having carefully reviewed Fudge's motion to suppress, the magistrate judge's reasoning and recommendation, Fudge's detailed objections, and the balance of the record in this case, *see* 28 U.S.C. § 636(b)(1) (requiring "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"); Fed. R. Crim. P. 59(b)(3) (same), the Court finds Fudge's motion should be denied. In short, the Court agrees with the magistrate judge that—in light of the totality of the circumstances in this case—Fudge's Fourth Amendment rights were not violated during his encounter with officers on May 12, 2025.

For that reason,

IT IS ORDERED:

1.  Defendant Thomas J. Fudge's objections (Filing No. 46) to the magistrate judge's Findings and Recommendation (Filing No. 43) are overruled.

2.  The Findings and Recommendation is accepted.

3.  Fudge's motion to suppress (Filing No. 18) is denied.

Dated this 2nd day of February 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge