IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

v.

THOMAS J. FUDGE,

Defendant.

**8:25CR164**

**PRELIMINARY ORDER
OF FORFEITURE**

This matter is before the Court upon the government's Motion for Preliminary Order of Forfeiture (Filing No. 56).    The Court has carefully reviewed the record in this case and finds as follows:

1.    On March 20, 2026, defendant Thomas J. Fudge ("Fudge") pleaded guilty to Count I of the Indictment (Filing No. 1) and admitted the Forfeiture Allegation.    Count I of the Indictment charged Fudge with being a felon in possession of a firearm; in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

2.    The Forfeiture Allegation sought forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), of "any firearms, ammunition, and any and all optics, attachments, and accessories involved in the commission of the offense, specifically the" Glock 22 .40 caliber handgun.

3.    Based on Fudge's guilty plea and admission, Fudge forfeits his interest in the Glock 22 .40 caliber handgun pursuant to 21 U.S.C. § 853.

4.    The government's Motion for Preliminary Order of Forfeiture is granted.

IT IS ORDERED:

1.  The government's Motion for Preliminary Order of Forfeiture (Filing No. 56) is granted.

2.  Based upon the Forfeiture Allegation of the Indictment and the Fudge's guilty plea and admission, the government is hereby authorized to seize the Glock 22 .40 caliber handgun.

3.  Fudge's interest in the property is hereby forfeited to the government for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1).

4.  The property is to be held by the government in its secure custody and control.

5.  Pursuant to 21 U.S.C. § 853(n)(1), the government shall publish for at least thirty consecutive days on an official internet government  forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture, notice of publication evidencing the government's intent to dispose of the property, in such manner as the Attorney General may direct, and notice that any person, other than Fudge, having or claiming a legal interest in the property, must file a Petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6.  The published notice shall state the Petition referred to in Paragraph 5, above, shall be for a hearing to adjudicate the validity of the Petitioner's interest in the property, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title, or interest in the property, and any additional facts supporting the Petitioner's claim and the relief sought.

7.  The government may also, to the extent practicable, provide direct written notice to any person known to have an interest in the property, as a substitute for published notice as to those persons so notified.

8.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

Dated this 27th day of March 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge